146

Hammond, d. b. a. Hammond Plumbing and Heating, Plaintiff-Appellee, *v.* Perkinswood Enterprises, Inc., Defendant-Appellant.

Ohio Appeals, Seventh District, Trumbull County.

No. 1579. Decided December 18, 1963.

*Mr. Leroy C. Miller,* for plaintiff-appellee.
*Mr. James W. Frey* and *Mr. Donald P. Greiwe,* for defendant-appellant.

Brown, P. J. Plaintiff's amended petition states two causes of action. The first of these alleges an oral contract to furnish "labor and materials" for altering and improving a building at request of defendant. Plaintiff claims completion of the work, acknowledges receipt of part payment and claims a balance due of $3,698.89 plus interest from May 19, 1961.

The second cause of action is for foreclosure of a mechanic's lien based upon the same labor and materials.

Defendant filed a general denial. At the trial defendant admitted an oral contract with the plaintiff that the work be

done for the defendant by the plaintiff for labor and materials plus ten percent, but claimed that the defendant had put a top limit on the job of $3,000.00.

The evidence at trial relative to the $3,000.00 limitation of the cost of the improvement was made by the testimony of one of the defendant's agents, and was categorically stated as being a limitation on the total cost of the work to be done.

The evidence to the contrary was by the plaintiff's testimony to the effect that there was some discussion of another bid for $3,000.00, but that this amount was not made a limitation upon the total amount of work and materials to be furnished by the plaintiff.

Plaintiff explains the fact that the total labor and materials exceed $3,000.00 by a substantial amount by stating that more work was done than was originally contemplated, and that the original work agreed to be done was such that no estimate or bid could have been made except as work progressed.

There is substantial evidence that at some point in the construction there was a discussion at the time of a part payment as to future work and expense, but the testimony is not so definite as to be conclusive of this particular factual issue, nor does it weigh so heavily for the plaintiff or for the defendant that we feel constrained to disagree with the trial judge, who apparently decided this point of fact in favor of the plaintiff and against the defendant, the case being submitted to the court without a jury by agreement of the parties.

However, another factual question arose on the basis of the evidence and having to do with the amount of labor and materials furnished by the plaintiff to the defendant without regard to the foregoing limitation, and throughout the evidence can be observed a definite failure by the plaintiff to take a responsible position with regard to the ultimate accounting of labor and materials furnished which it would be his duty to present to the defendant when demanding final payment.

Such serious inadequacies appear in the plaintiff's proof in this regard that it is the judgment of this court that the trial court erred in granting judgment for the plaintiff in what amounted to the entire amount claimed by the plaintiff.

The judgment as rendered is clearly against the manifest

weight of that evidence in this respect, and must be reversed and the cause remanded for retrial.

As the case was tried on this first occasion it is doubtful that any error was committed with regard to the cross-examination of the plaintiff relative to the amount he paid his plumbers, as assigned as error on this appeal.

The evidence is obscure with regard to the materiality of these particular questions. If such exclusion was error upon the trial of this cause it was not prejudicial.

Judgment reversed and cause remanded.

FRANCE and JONES, JJ., concur.